IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT B LEWIS,

    Plaintiff,

v.                                            CASE NO. 1:04-cv-00054-MP-AK

CITY OF GAINESVILLE,
JAMES R EVANS,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Mr. Evans' and the City's motion for reconsideration of the order denying the motion to dismiss (doc. 21), plaintiff's motion to strike the motion for reconsideration (doc. 24), City of Gainesville's motions for summary judgment (doc. 51 & 53 with various supporting documents), James Evans' motion for summary judgment (doc. 55), and plaintiff's amended motion for partial summary judgment. (doc. 61).

The case involves allegations that a GRU inspector (defendant Evans) and Asplundh Tree Experts supervisors subjected plaintiff to various forms of racial discrimination in the workplace.[1] Previously, the City moved to dismiss the claims against Mr. Evans and the City as untimely because they occurred around eight years before the current suit was filed. The Court eventually rejected that argument because, although the City and Mr. Evans had never been named in plaintiff's EEOC charge (which named only Asplundh), courts have been instructed to liberally construe the requirement so that the purposes of the Act are fulfilled. The Court then

---

[1] See the Court's previous order, at doc. 16, for a fuller description of the allegations of the Complaint.

concluded that the requirement of being named in the EEOC complaint should be waived for the City and Mr. Evans and therefore the statute of limitations against them should be tolled by the pendency of the EEOC investigation.

The City and Mr. Evans moved to reconsider that order, making the very valid point that it is very difficult to discern exactly what causes of action the plaintiff is bringing in his complaint.  As the defendants succinctly put it,

> The Plaintiff's chosen method of pleading has produced a confusing statement of his claims. Although in paragraph 2 of the complaint he invokes Title VII as a basis for jurisdiction, he also sues under 42 U.S.C. § 1983, as well as state law tort statutes. The Plaintiff does not, however, allege that he is an employee under Title VII, or that any of the Defendants are employers under that law. Neither does he plead the filing of a charge against the City of Gainesville.  Nor does the Plaintiff allege the receipt of a right to sue. Of twelve counts alleged, six bear titles which include the statute or tort sued under. Of the remaining six counts, two, counts III and VI, which seek punitive damages, contain references to 42 U.S.C. § 1981a. Two of these six counts name Asplundh, the last two, counts IV and V, name the City but do not mention any statute and do not refer to Title VII in any manner.

The failure to specify the statutory or other basis for liability in each count makes a difference in this case because of the differing pre-suit requirements for each basis of liability, the difference in allowable forms of damages, and the pleading requirements.  Plaintiff's complaint is therefore deficient.  However dismissal of a case based on defective pleadings is disfavored and amendments should be liberally granted so that all cases may be decided on their merits when possible.  Cliff Food Stores, Inc. v. Kroger, Inc., 417 F.2d 203, (5th Cir. 1969).  Thus a case should be dismissed on the pleadings only if it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ." Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir.1998) (quoting Conley v. Gibson, 355 U.S. 41,

45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  The appropriate remedy at this point is for plaintiff to file an amended complaint.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Doc. 24, the motion to strike the motion to reconsider at doc. 21, is denied.  The motion to reconsider (doc. 21) is granted to the extent that prior order at doc. 16 is vacated, and Defendants shall proceed without prejudice to raising the arguments rejected in that order with regard to the Amended Complaint.

Plaintiff shall file an Amended Complaint in this case by Friday, April 21, 2006, which sets out for each count the precise statutory or other legal theory upon which the count is based.  Also, for each count, plaintiff shall state which defendants are liable under that count, and the statutory or other basis for each form of relief demanded.

Additionally, plaintiff shall include in the complaint specific factual allegations supporting the conclusion that the EEOC charge in this case should be construed to cover the City and Mr. Evans, as those facts relate to the statute of limitations issue.

Since an amended complaint needs to be filed in this case, the motions at docs. 51, 53, 55 and 61 are denied as moot, without prejudice to defendants raising those motions again with regard to the Amended Complaint.

**DONE AND ORDERED** this  *28th*   day of March, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge