IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ROBERT B LEWIS,

    Plaintiff,

v.                                            CASE NO. 1:04-cv-00054-MP-AK

ASPLUNDH TREE EXPERT COMPANY,
CITY OF GAINESVILLE,
JAMES R EVANS,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on the following motions:

- Doc. 110, motion to dismiss filed by Asplundh, to which Plaintiff has agreed in Doc. 112;
- Doc. 115, motion to dismiss filed by James Evans, to which Plaintiff has responded, Doc. 127;
- Doc. 116, motion to dismiss filed by the City of Gainesville; and
- Doc. 141, Plaintiff's motion for partial summary judgment.

For the reasons which follow, the Defendants' motions to dismiss are granted, and the Plaintiff's Motion for Partial summary judgment is denied.

Robert Lewis was an employee of Asplundh Tree Expert Company ("Asplundh") beginning in November of 1995. EEOC v. Asplundh Tree Expert Co., 340 F.3d 1256, 1257 (11th Cir. 2003). At the time, Asplundh was in the middle of a three-year contract with Gainesville Regional Utilities ("GRU") to dig ditches and lay underground cable. Id. When Asplundh hired Mr. Lewis, it assigned him to a three-person crew in charge of digging ditches and laying cable. Id. On April 1, 1996, a GRU employee named James ("Pete") Evans visited the job site where Mr. Lewis was working. Id. Mr. Evans' job was to inspect the job site on behalf of GRU and observe the working crew. Id. Mr. Lewis claims that while Mr. Evans was

visiting the work site, Mr. Evans made offensive racial jokes and comments. Id. He further claims that Mr. Evans fashioned a noose from a piece of rope and placed it around Mr. Lewis's neck. Id. In response, Mr. Evans has denied the claims. Id.

In May of 1996, the contract work between GRU and Asplundh began winding down, causing Asplundh to reduce the size of its crews. Id. Mr. Lewis was laid-off as part of the crew downsizing. Id. Following the lay-off, Mr. Lewis contacted the Equal Economic Opportunity Commission ("EEOC") to a pursue a claim premised on Mr. Evans' conduct on April 1. Id. In August of 1996, Mr. Lewis filed a formal charge of discrimination wherein he alleged disparate pay, racial harassment and retaliation. (Doc. 117, Exhibit #1 at 1). In the formal charge, under the section labeled "NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*if more than one list below.*)," Mr. Lewis listed "Asplundh Tree Expert Co." (Doc. 117, Exhibit #1, at 1). In a section premised with "THE PARTICULARS ARE," he stated that "I was subjected to racial harassment from Pete Evans, GRU Inspector." (Doc. 117, Exhibit #1 at 1). Mr. Lewis did not name the City in the formal charge.

After Mr. Lewis filed the formal charge, the EEOC commenced an investigation. Asplundh, 340 F.3d at 1258. The investigation continued for thirty-two months, and throughout Asplundh cooperated with the EEOC. Id. Ultimately, the EEOC transmitted a document entitled "Conciliation Agreement" to Asplundh's General Counsel. Id. Asplundh responded through local Florida counsel and asked for an extension of time. Id. The EEOC never responded to Asplundh's local counsel's letter, and ultimately sent another letter to Asplundh's General

Counsel indicating that efforts to conciliate the charge were unsuccessful. Id. Thereafter, on May 12, 1999, the EEOC filed suit in this Court. Id. at 1259. The Court dismissed the EEOC lawsuit on grounds that the EEOC had failed to satisfy the statutory requirement of conciliation, and the dismissal was affirmed by the court of appeals. Id.

Following the court of appeals' decision, the EEOC provided a right-to-sue letter to Mr. Lewis and he filed a complaint in this Court on May 25, 2004 against Asplundh, the City, and Mr. Evans. The complaint alleged racial discrimination, retaliation, and punitive damages against Asplundh and the City, as well as claims under 42 U.S.C. §1983 against the City and Mr. Evans. Mr. Lewis also alleged state law claims of civil assault and battery against Mr. Evans. (Doc. 1)  All Defendants filed motions to dismiss. (Docs. 4 & 5). On March 31, 2005, this Court denied the motions to dismiss, finding that the failure to formally name the City and Mr. Evans in the caption of the EEOC complaint did not violate the policy behind the EEOC process or bar Mr. Lewis' lawsuit. (Doc. 16, at 4-5). Mr. Evans and the City filed a motion for reconsideration (Doc. 21) which the Court granted on March 28, 2006, vacating its earlier finding and granting Mr. Lewis leave to file an amended complaint. (Doc. 104, at 3). In the meantime, Mr. Lewis had reached a settlement agreement with Asplundh. (Doc. 71).

Nevertheless, on April 21, 2006, Mr. Lewis filed an amended complaint naming defendants Asplundh, the City and Mr. Evans, and repeating the allegations contained in his original complaint. (Doc. 108). Asplundh, in an abundance of caution, filed a motion (Doc. 110) to dismiss the already-settled claims against them. On May 12, 2006, Mr. Lewis acknowledged the voluntary dismissal of his claims against Asplundh, effectively dropping Asplundh from the suit. (Doc. 112). The remaining defendants, the City and Mr. Evans, filed

motions to dismiss. (Docs. 115 & 116).

The City argues that Plaintiff failed to meet the preconditions to suit under Title VII because he did not name the City in his complaint to the EEOC. The City also argues that Plaintiff's §1983 claims against it are time-barred. Mr. Evans asserts that the Court lacks subject matter jurisdiction, that Plaintiff's claims are time-barred, and that Plaintiff has failed to state a claim upon which relief can be granted. Likewise, Mr. Evans argues that Plaintiff's claims under state law for assault and battery are time-barred.

Before filing a civil lawsuit, an employee must file a formal charge with the EEOC alleging a Title VII violation and exhaust all administrative remedies provided by the EEOC. Virgo v. Riviera Beach Associates, Ltd, 30 F.3d 1350, 1358 (11th Cir. 1994). If the EEOC's efforts at conciliation are unsuccessful, the EEOC may issue a letter authorizing the employee to file a claim under Title VII. Id. Under normal circumstances, a party not directly named in the original EEOC charge cannot be sued in a subsequent civil law suit. Id. (citing Schnellbaecher v. Baskin Clothing Co. 887 F.2d 124, 126 (7th Cir. 1989)). The naming requirement serves the purpose of notifying the charged party of the allegations, and affording the party an opportunity to participate in conciliation and to voluntarily comply with the requirements of Title VII. Id. (citing Schnellbaecher, 887 F.2d at 127).

As a practical matter, courts liberally construe the naming requirement in order to avoid creating a burdensome technical requirement for employees filing initial EEOC charges *pro se*. Id. (citing Alvarado v. Board of Trustees, 848 F.2d 457, 460 (4th Cir. 1988) and Terrell v. United States Pipe & Foundary Co., 644 F.2d 1112, 1123 (5th Cir. 1981)); see also Tillman v. City of Boaz, 548 F.2d (5th Cir. 1977)(noting that charges filed with the EEOC must be liberally

construed because they are made by persons unfamiliar with the technicalities of formal pleadings and without assistance of an attorney). The liberal construction of this requirement may permit claims against a party unnamed in the original EEOC charge, as long as the purposes of Title VII are fulfilled. Id. at 1358-59 (citing Eggleston v. Chicago Journeymen Plumbers' Local 130, 657 F.2d 890, 905 (7th Cir. 1981), cert. denied, 455 U.S. 1017, 102 S. Ct 1710, 72 L. Ed. 2d 134 (1982)).

To determine whether the purposes of Title VII would be met in a specific case we balance several factors including: "1) the similarity of interest between the named party and the unnamed party; 2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; 3) whether the unnamed parties received adequate notice of the charges; 4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and 5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings." Id. at 1359 (citing Eggleston, 657 F.2d at 906-907 and Glus v. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)).

Applying the first factor, most courts have found a similarity of interests between a named and unnamed party when there is some legal relationship beyond a mere contractual relationship, such as employer-employee or parent-subsidiary. See McCulley v. Allstates Technical Serv., 2005 WL 1475314, *24 (S.D. Ala. 2005)(finding a similarity of interest between an unnamed parent corporation and its named subsidiaries); Woods v. Coca-Cola Co., et al., 1982 U.S. Dist. LEXIS 17697, *6-*7 (N.D. Ga. 1982)(allowing employee's claim against unnamed supervisory employees of the named employer); Chung v. Pomona Valley Comm. Hosp., 667 F.2d 788, 792 (9th Cir. 1982)(finding that unnamed supervisory employees should

have anticipated being named in employee's claim against employer); c.f. Alvarado v. Bd. of Trustees of Montgomery Comm. Coll., 848 F.2d 457, 459 (4th Cir. 1988)(finding that a college and its board of trustees and president were substantially identical for the purposes of the naming requirement). In Riviera Beach, the court found shared interests where the unnamed party was the sole owner of the named party. 30 F.3d at 1359.

In the present case, the City does not share any such interest with Asplundh. In fact, Asplundh and the City's sole legal relationship was a short-term contractual one. Mr. Evans, on the other hand, was an employee of the City and was named in the original EEOC charge. In contrast to Woods and Chung, however, the City was not Mr. Lewis' employer; Mr. Lewis was employed by Asplundh. Moreover, Mr. Evans was not an agent of the City. See 42 U.S.C. § 2000e(b)(defining employer to include any agent of the employer); Meritor Sav. Bank v. Vinson, 477 U.S. 57, 72 (1986)(finding that the term "agent" limits an employer's liability for the acts of certain of its employees); Canutillo Indep. Sch. Dist. v. Leija, 101 F.3d 393, 401 (5th Cir. 1996)(citing cases that have defined the term agent to mean someone who serves in a supervisory position and exercises significant control over hiring, firing or conditions of employment or who has significant input into such personnel decisions). In the present case, although Mr. Evans' inspections could have indirectly influenced Asplundh's hiring and firing decisions, as a GRU employee Mr. Evans did not have any power to hire or fire Asplundh employees or significant input into Asplundh's personnel decisions. (Doc. 108, at 4-5). Thus, under the facts of this case, the City does not fall under the employer-employee similarity of interest reasoning and does not share an interest with Mr. Evans.

With respect to the second factor, the primary purpose is to allow plaintiffs to proceed

against entities and individuals whose identity may not be readily ascertained for the purposes of an EEOC charge, particularly when a complainant is filing the charge *pro se*. See Eggleston, 657 F.2d at 893, 906 (where several different labor organizations purportedly represented the local plumbing trade); Riviera Beach, 30 F.3d at 1359 (where the unnamed party was doing business under a different name). In contrast, here, the City was not doing business under a different name, or involved in a complex business relationship or association that might have obscured its identity. The City's identity was, in fact, readily ascertainable given that Mr. Lewis knew Mr. Evans was an employee of GRU.

As for the third and fourth factors, it is the responsibility of the EEOC to satisfy the statutory requirements of notice and conciliation as a prerequisite to its own suit and the issuance of a right to sue letter. 42 U.S.C. § 2000e-5(b). In Riviera Beach, the court found that the unnamed party, a limited partnership, had actual notice because it was the sole owner of the named party, and one of the unnamed party's general partners had knowledge of the pending EEOC charges. 30 F.3d at 1359. In the present case, the parties are not so closely related that knowledge of one could be imputed to the other; in fact, unlike the parties in Riviera Beach they are separate and distinct entities. Furthermore, even though attorneys and other employees of the City were aware of the charges against Asplundh and the EEOC's investigation, they were not on notice of any EEOC charges against the City.

Likewise, because it did not have notice, the City was not afforded an opportunity to participate in conciliation. In order to satisfy the conciliation requirement, the EEOC must 1) outline to an employer the reasonable cause for its belief that Title VII has been violated; 2) offer an opportunity for voluntary compliance; and 3) respond in a reasonable and flexible manner to

the reasonable attitudes of the employer. EEOC v. Asplundh, 340 F.3d at 1259 (citing EEOC v. Klinger Elec. Corp., 636 F.2d 104, 107 (5th Cir. 1981)). Although a face-to-face conciliation meeting is not statutorily required, the EEOC's failure the hold a conciliation conference has been considered an important factor in determining that the EEOC has failed to conciliate. EEOC v. UMB Bank, 432 F. Supp. 2d 948, 954 (W.D. Mo. 2005)(quoting EEOC v. Hugin Sweda, Inc., 750 F. Supp. 165, 167 (D.N.J. 1990)).

 In the present case, however, none of these events occurred. The EEOC neither notified the City that reasonable cause existed to believe that the City may have violated Title VII, nor offered it an opportunity for voluntary compliance. (Doc. 117, EEOC Charge, Exhibit #1 at 1)(illustrating failure to identify "City of Gainesville" in EEOC Charge); (Doc. 117, West Declaration, Exhibit #3 at 2)(discussing sending notice of the charge of discrimination to Asplundh and not the City of Gainesville); (Doc. 117, West Declaration, Exhibit #3 at 2) (discussing investigation of charge against Asplundh and not the City of Gainesville); (Doc. 117, Asplundh Correspondence with EEOC, Exhibit #3 at 9-10)(responding to charge from EEOC); (Doc. 117, EEOC Correspondence with Asplundh, Exhibit #3 at 11-12)(requesting additional information from Asplundh); (Doc. 117, Asplundh Correspondence with EEOC, Exhibit #9 at 13-15) (responding to request for additional information); (Doc. 117, Waratuke Affidavit, Exhibit #4 at 2)(discussing failure of EEOC to send letter of determination and attempt of conciliation to the City of Gainesville); (Doc. 117, West Declaration, Exhibit #3 at 2-3)(discussing attempts at conciliation with Asplundh and filing of lawsuit against Asplundh).

 Thus, the City did not have any real opportunity to participate in the reconciliation process. The entire EEOC investigation following Plaintiff's initial EEOC charge was directed

solely at Asplundh. Given the lack of notice and opportunity to conciliate, the City has suffered prejudice by being asked to defend itself in federal court without first having the opportunity to engage in the voluntary remedial process established by Title VII. Mr. Lewis would have this Court impute an opportunity to conciliate based on the City's failure to actively participate in conciliation proceedings despite its knowledge of the Asplundh investigation. (Doc. 125 at 13-14). Based on the Court's analysis of the factors set forth in Riviera Beach, however, the Court finds that imputing an opportunity on the City would be inconsistent with the purpose of Title VII to secure voluntary compliance with the law.

We turn now to whether Mr. Lewis' 42 U.S.C. § 1983 claims are time-barred. In Florida, a four-year statute of limitations applies to claims under 42 U.S.C. §1983. Chappel v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003)(citing City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002)(finding that section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years)). This limitations period is not tolled by the filing of a complaint with the EEOC. Johnson v. Railway Express Agency, 421 U.S. 454, 466 (1975)(finding that the pendency of administrative proceedings under Title VII does not toll the statute of limitations for private civil rights claims because the remedies provided by the two statutes are separate and independent of each other); see also Beasley v. Alabama State Univ., 3 F. Supp. 2d 1325, 1343 n.18 (M.D. Ala. 1998)). Furthermore, the Eleventh Circuit has found that tolling of the statute of limitations is inappropriate where exhaustion of administrative remedies is not a prerequisite to suit, as is the case for claims under §1983. Beasley, 3 F. Supp. 2d at 1343. Therefore, individuals have four years from the time the cause of action accrues to file claims under §1983. A cause of action for employment discrimination under §1983 accrues

when "'facts supportive of a . . . civil rights action are or should be apparent to a reasonably prudent person similarly situated.'" Doyle v. Univ. of Ala., 680 F.2d 1323, 1325 (11th Cir. 1982)(quoting Dumas v. Town of Mount Vernon, 612 F.2d 974, 978 (5th Cir. 1980)).

Likewise, the statute of limitations for state claims of assault and battery begins to run, "'when there has been notice of an invasion of legal rights or a person has been put on notice of his right to a cause of action.'" Haskins v. City of Ft. Lauderdale, 898 So.2d 1120, 1123 (Fla. 4th DCA 2005)(quoting Snyder v. Wernecke, 813 So.2d 213, 216 (Fla. 4th DCA 2002)); Fla. Stat. § 95.11(3)(o)(indicating that the statute of limitations for bringing assault and battery charges is four years). A cause of action accrues on the date "'when the last element constituting the cause of action occurs.'" Hearndon v. Graham, 767 So. 2d 1179, 1184-85 (Fla. 2000)(quoting Fla. Stat. 95.031(1)). Similar to claims under §1983, in Florida there are no prerequisites to filing an assault or battery claim. See Fla. Stat. §95.11.

Applying Florida's four-year statute of limitations to Plaintiff's claims against the City, the Court considers the date when facts supportive of a civil rights action under § 1983 were, or should have been, reasonably apparent to a prudent person in Mr. Lewis' position. Accordingly, the analysis begins on the day Mr. Lewis claims that Mr. Evans visited the work site and engaged in racially offensive behavior, April 1, 1996. Even if the Court assumes that facts supportive of a civil rights action were not reasonably apparent on the day the alleged conduct occurred, such facts were likely apparent when Mr. Lewis contacted the EEOC in August of 1996. Nevertheless, assuming facts supporting a civil rights claim were not apparent at any time in 1996, they were surely apparent by May 12, 1999, when the EEOC filed suit in this Court. Therefore, because the statute of limitations for § 1983 claims is not tolled during the pendency

of administrative actions under Title VII, Mr. Lewis' right to bring such claims expired well before May 25, 2004, the date of commencement of this action.

A similar result is required with regard to Mr. Lewis' state law assault and battery claims against Mr. Evans. Because the statute of limitations is not tolled for assault and battery claims, Mr. Lewis had four years from the time the last element of the causes of action occurred to bring his claim. Mr. Lewis alleges that Mr. Evans visited the Asplundh work site on April 1, 1996, therefore Mr. Lewis had until April 1, 2000 to bring claims for assault and battery. Therefore, these claims were time-barred on May 25, 2004.

In sum, Plaintiff and Asplundh have reached a settlement and agree to the dismissal of Counts I through III of the Amended Complaint (doc. 108). Dismissal of Count IV and V's Title VII claims is appropriate because the City was not named in the EEOC complaint, and thus Plaintiff did not exhaust pre-suit procedures. The City is also entitled to dismissal of Count VI and VII's 42 U.S.C. § 1983 claims because they were not brought within the four-year statute of limitations. The same is true of Count VIII and IX's 42 U.S.C. § 1983 claims, Count X's state law assault and battery claims, and Count XI's claim for punitive damages, all against James Evans. All of these were brought after the four-year statute of limitations had already expired. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Defendants' motions to dismiss at doc. 110, at doc. 115 and at doc. 116 are GRANTED, the Plaintiff's motion for partial summary judgment at doc. 141 is DENIED, and the Clerk is directed to close this case.

**DONE AND ORDERED** this _7th_ day of March, 2008

                *s/Maurice M. Paul*
                Maurice M. Paul, Senior District Judge